EVERETT PIANO CO. et al. v. BENT.

(Circuit Court, N. D. Illinois. February 6, 1897.)

PATENTS—VALIDITY AND INFRINGEMENT—PIANOS.

The French & Nalence patent, No. 515,426, for a piano attachment, whereby a flexible strip, carrying a metallic striker, is interposed between the hammer and the string, so that the hammer strikes the strip on one side of the striker, for the purpose of modifying the tone by a secondary or double stroke on the string, *held* valid, and infringed.

This was a suit in equity by the Everett Piano Company, La Martine M. French, and Charles Nalence against George P. Bent for alleged infringement of letters patent No. 515,426, issued February 27, 1894, to La Martine M. French and C. Nalence for a piano attachment. On final hearing.

Bond, Adams, Pickard & Jackson, for complainants.
Coburn & Strong, for defendant.

SHOWALTER, Circuit Judge. Complainants sue for the infringement of the first and third claims of letters patent of the United States numbered 515,426. These claims are in words following:

"(1) In a piano, in combination with the strings, a series of non-resonant, soft, flexible strips having hard strikers or buttons on that face next to the strings, and hammers to act upon the strips to one side of the said buttons."

"(3) In a piano, the combination with the strings of a series of flexible strips having on that face next the strings hard buttons or contacts, and a series of hammers adapted to strike the strips to one side of the said buttons."

The patentees say in their specification:

"Our invention relates to piano attachments for changing the tone of a piano, causing it to resemble a guitar, mandolin, zither, etc. To this end we arrange on the piano a series of strips of flexible material, each having on it a metallic striker. These strips are connected to a bar operated by a pedal, by which they can be moved so that the ordinary hammer of the piano will strike the flexible strip. The strip thus kills the tone which would otherwise be produced by the string, but the metallic striker on the strip striking the string produces the modified tone which we desire. A reverse movement of the pedal withdraws the strips, leaving the hammers free to strike the strings in the ordinary manner and produce the ordinary tone of the piano. * * * The operation of the invention is as follows: A pressure on the pedal moves the bar, 3, and strips, 4, within the action of the hammers, 2, so that the hammers strike the material of the strips above the striker, 5, and press it against the strings, 1. The soft strip kills the effect of the blow of the hammer on the string, but the hard striker, 5, is thrown against the string, and produces a tone."

Several prior devices are shown in the evidence, but in each instance the interposed medium for modifying the vibration of the string, and so changing the tone, is directly between the hammer and the string. In the case of the patent in suit, what is called the "metallic button" in one place in the specification, and the "hard button" in another and in the claims, is not interposed so that the stroke of the hammer is directly against such button. The idea of modifying the tone by a secondary or double stroke on the string, in the manner described in the patent in suit, is not found in the prior art. The novelty of this construction is rather emphasized than otherwise by the prior devices. In the structure complained

of, the leather tongue at its lower extremity is tightly folded and secured around a small metallic cylinder placed transversely. The stroke of the hammer is against the tongue, and above this leather-covered cylinder. The mode of operation and effect are substantially the same as in the patent in suit. I think, therefore, the injunction must go as prayed.